## SUPREME COURT.

### THOMAS H. STRINGHAM agt. CORNELIA M. STEWART.

*Undertaking on appeal — Disqualification of attorneys as sureties.*

Rule 5 of the General Rules of Practice which provides, that an attorney and counselor shall not be surety on any undertaking or bond, does not apply to a person whose name still appears on the roll of attorneys, but who abandoned the practice of the law many years ago to engage in another occupation, in which he still continues.

*Kings County, Special Term, March,* 1886.

*Mr. Johnson* for plaintiff.

*Henry H. Rice,* for defendant.

Stringham agt. Stewart.

BARTLETT, *J.* — The plaintiff objects to the defendant's undertaking on appeal in this case, on the ground that Henry Hilton, one of the sureties named therein, is an attorney.

In answer to this objection the defendant files an affidavit showing that the proposed surety relinquished the practice of the law upwards of fourteen years ago and has been engaged in other business ever since.

Rule 5 of the General Rules of Practice provides as follows: " In no case shall an attorney or counselor be surety on any undertaking or bond required by law or by these rules, or by any order of a court or judge, in any action or proceeding, or be bail in any civil or criminal case or proceeding."

The question now presented is whether this rule applies to a person whose name still appears on the roll of attorneys, but who abandoned the practice of the law many years ago to engage in another occupation, in which he still continues.

I do not think it does. The general term of the New York superior court held, in 1881, that the rule did not preclude an attorney who had left the law for another vocation more than a year before from becoming a surety on an undertaking in attachment (*Evans* agt. *Harris*, 47 *N. Y. Super.*, 366). This decision is criticised on the ground that the English cases referred to in the opinion of the court do not sustain the propositions they are cited to support. However this may be, I think the conclusion reached by the superior court is fully warranted by reference to the reason which led to the establishment of the rule.

The disqualification of attorneys to become bail is derived from the English practice, and all the authorities agree that it had its origin in the desire to protect attorneys against the importunities of their clients.

Mr. Tidd, in his celebrated work on the practice of the court of king's bench, expressly declares that the rule was calculated for the benefit of attorneys (1 *Tidd's Prac.*, 230), and the language of the court is to the same effect in the case of *Dixon* agt. *Edwards* (2 *Anstruther*, 356).

Plainly the reason thus assigned can have no existence in the

case of an attorney who has abandoned his vocation as such. A lawyer who has become a merchant is in no danger of being importuned by clients, for he gives up his clients when he gives up the law. If the construction now contended for were adopted, it would forever disqualify every person admitted to the bar so long as his name appeared upon the roll of attorneys, although he might have studied law only with reference to the advantages it would give him in the conduct of his affairs as a business man, and might never have gone into court in his life, except when he was sworn in as an attorney.

There is an intimation in a single case decided in New York, at chambers (*Wheeler* agt. *Wilcox*, 7 *Abb. Pr.*, 73), that in order to remove the disqualification established by the rule, the proper course is for the attorney to procure his name to be stricken from the roll. While this course would seem to be essential in the case of a practicing attorney, I do not regard it as necessary under such circumstances as are presented here. I do not think the words "attorney or counselor" in rule 5 were intended to relate to an attorney or counselor who has permanently abandoned the practice of the law and taken up some other pursuit. Such clearly appears to be the case with ex-judge HILTON.

The objection to the undertaking is, therefore, overruled.